UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                                      Case No. 3:16cv91/MCR/CJK

JOSE GONZALEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon the filing of plaintiff's complaint. (Doc. 1). After reviewing the complaint, the undersigned concludes this case should be summarily dismissed.

## BACKGROUND

The complaint names Jose Gonzalez as the sole defendant. The complaint contains the following allegations. Plaintiff fell from a ten-foot ladder while working for Jose Gonzalez. She received treatment at St. Francis Hospital in Tulsa, Oklahoma, but medical personnel denied her request for an X-ray. "Workman's comp would not provide a claim number, Jose Gonzalez would not return calls." Plaintiff alleges she was "denied help thru a negligent, faulty system" and there is

"possible discrimination and malice proven thru neglect of Jose Gonzalez." Plaintiff further alleges that the state of Oklahoma "may be complicit." Plaintiff attached a Notice to her complaint from Oklahoma's Worker's Compensation Commission and Court of Existing Claims. (Doc. 1, p. 5). The Notice indicates plaintiff has a hearing regarding her worker's compensation claim scheduled for March 14, 2016, in Oklahoma City. Based on the foregoing, plaintiff asserts the following claims: "deprivation of relief benefits see federal laws" and "War Crimes Act 2441." For relief, plaintiff requests that her worker's compensation case be "extradited" to Florida. Plaintiff also seeks an "X-ray, treatments, and income thru intentional deprivation."

DISCUSSION

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (*citing Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff's complaint must contain "a short and

plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).

Plaintiff filed her complaint on the "Civil Rights Complaint Form to be used by *Pro Se* (non-prisoner) Litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983." (Doc. 1). A thorough review of the complaint, however, reveals the presence of no federal questions; plaintiff's claims do not arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Moreover, plaintiff's claims do not satisfy 28 U.S.C. § 1332, the statute conferring diversity jurisdiction on federal courts. "For a federal court to have diversity jurisdiction, the action must be between citizens of different states and the amount in controversy must exceed $75,000." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (*citing Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). Here, none of the allegations suggest more than $75,000 is in controversy. Thus, it appears this court lacks subject-matter jurisdiction over plaintiff's claims.

In addition, the court cannot provide plaintiff with the relief she seeks. The court does not have the authority to transfer a worker's compensation claim from Oklahoma to Florida. Moreover, the allegations against the only named defendant–Jose Gonzalez–are conclusory and fail to state a claim upon which relief

can be granted.

Of note, plaintiff has an extensive history of filing meritless lawsuits in federal court. Since March 10, 2015, plaintiff has filed twenty complaints. Nine of the twenty complaints have been dismissed before service, including seven in the Northern District of Florida. *See Brewer v. Pensacola Police Dep't*, Case No. 3:15cv567/MCR/EMT (federal claims dismissed with prejudice for failure to state a claim upon which relief can be granted; state law claims dismissed without prejudice); *Brewer v. U.S. Attorney's Security*, Case No. 3:15cv563/MCR/CJK (case dismissed for failure to state a claim); *Brewer v. U.S. Marshals Courthouse Security*, Case No. 3:15cv497/MCR/EMT (federal claims dismissed with prejudice as frivolous and for lack of jurisdiction; state law claims dismissed without prejudice); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv489/MCR/EMT (federal claims dismissed with prejudice as frivolous and state law claims dismissed without prejudice); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv469/MCR/CJK (case dismissed without prejudice for plaintiff's failure to state a claim upon which relief can be granted); *Brewer v. Willis*, Case No. 3:15cv183/RV/EMT (case dismissed without prejudice for plaintiff's failure to comply with an order of the court); *Brewer v. Nelson*, Case No. 3:15cv145/MCR/EMT (federal claims dismissed with prejudice for failure to state a

claim upon which relief can be granted and state law claims dismissed without prejudice). Two other complaints were dismissed before service in the Northern District of Oklahoma. *See Brewer v. Weaver*, 4:15cv139/CVE/TLW (N.D. Okla. Apr. 10, 2015) (dismissing complaint after finding plaintiff failed to allege a colorable federal claim and her state law claims were precluded by Oklahoma law and the doctrine of standing); *Brewer v. Gore*, 4:15cv140/GKF/PJC (N.D. Okla. Mar. 27, 2015) (dismissing complaint for failure to state a claim upon which relief can be granted and for seeking monetary relief against defendants who are immune from such relief).

In addition to the present case, ten other actions remain pending with this court. *See Brewer v. Escambia Cty. Courts*, Case No. 3:16cv72/MCR/EMT; *Brewer v. State of Oklahoma*, Case No. 3:16cv48/MCR/EMT; *Brewer v. Pensacola Police Dep't*, Case No. 3:16cv30/MCR/CJK; *Brewer v. City of Gulf Breeze*, Case No. 3:15cv573/RV/CJK; *Brewer v. Area Housing Comm'n*, Case No. 3:15cv500/MCR/EMT; *Brewer v. City of Pensacola*, Case No. 3:15cv484/MCR/EMT; *Brewer v. Bodenhausen*, 3:15cv154/RV/EMT; *Brewer v. Morgan*, 3:15cv132/RV/EMT; *Brewer v. Meadows*, Case No. 3:15cv95/RV/EMT; *Brewer v. Escambia Cty. Sheriff's Dep't*, Case No. 3:15cv89/MCR/CJK. Although

these cases have not been resolved, many contain allegations similar to those of the dismissed cases and thus are of doubtful merit.  Plaintiff's habit of filing meritless lawsuits disrupts the court's docket and hinders its ability to process meritorious claims filed by other litigants. No useful purpose could be served by allowing this clearly frivolous matter to proceed further.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of March, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv91/MCR/CJK